THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cr-20780-COOKE

**UNITED STATES OF AMERICA,**

        Plaintiff,

v.

**MANUEL R. FERNANDEZ,**

        Defendant.

## OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

Defendant Manuel Fernandez objects to the Presentence Investigation Report, D.E. 190 (PSR), as follows:

### GUIDELINE OBJECTIONS

1. Obstruction

Mr. Fernandez contests that he obstructed justice by knowingly suborning perjury by presenting witness and denies that the government has established by a preponderance of the evidence that any of his family members committed perjury as alleged in Paragraphs 36, 101, 102 and 111, objects to a two-level enhancement for obstruction of justice as suggested in those paragraphs and asserts that the government has not established by a preponderance of the evidence the elements necessary for such enhancement, which elements are discussed in the Application Notes to USSG § 3C1.1, including that this enhancement is not intended to punish a defendant for the exercise of a constitutional right. Mr. Fernandez had a constitutional right to present a defense, including the testimony of family members that has not been determined by this Court to have been perjured.

    2. Role

    a. Mr. Fernandez objects to a two-level enhancement for role adjustment as suggested in Paragraphs 96, 110 and 201 and asserts that the government has not established by a preponderance of the evidence, and the PSR does not provide facts sufficient to find, the elements necessary for such enhancement.[1]

    b. Mr. Fernandez disputes that R. Suarez and P. Suarez were responsible for payments that are any less than the amounts Mr. Fernandez is deemed responsible and that Mr. Fernandez' role was any different than those of R. Suarez and P. Suarez as asserted in Paragraph 95, except Mr. Fernandez' position as a public official, which is already accounted for in Paragraph 106 pursuant to USSG § 2C1.1(a)(1).

    c. Paragraph 96 asserts that Mr. Fernandez is responsible for a role adjustment because he recruited his mother to participate in the offense but the unrebutted evidence at trial established that P. Suarez (who received a minor role reduction) independently hired Ms. Fores.

    d. Paragraph 201 acknowledges that an enhancement for role adjustment will result in a sentencing disparity vis a vis R. Suarez.

    3. Monetary Amounts – Mr. Fernandez accepts all other Guidelines computations contained in the PSR (but contests certain factual assertions such as those related to monetary amounts contained in the PSR as delineated below that do not affect the Guidelines computation).

### RESTITUTION OBJECTION

    4. Mr. Fernandez objects to the government's assertion pursuant to Paragraphs 97, 98, 99, 100, 199 and 200 that restitution is appropriate because the determination of restitution was for the

---

[1] Which elements pursuant to Application Note 4 to USSG § 3B1.1. are – the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of control and authority exercised over others.

jury[2] and, even if this Court is authorized to make determinations regarding restitution, the government has not established by a preponderance of the evidence Honeywell's entitlement to restitution. And even if Honeywell is entitled to restitution, Mr. Fernandez is entitled to a credit for all sums paid by R. Suarez. Mr. Fernandez acknowledges that pursuant to Paragraph 97 the government has established by a preponderance of the evidence that the FAA is entitled to restitution in the amount of $4,402, the amount paid by the FAA for sick leave pursuant to Paragraph 86.

## FACTUAL OBJECTIONS

5.  The PSR repeats much of the law, the evidence and the government's theories presented at the month-long trial. Neither the Federal Rules of Criminal Procedure nor the United States Sentencing Guidelines compel such reiteration as part of a presentence report nor require a defendant to scour through the trial record to determine the accuracy of facts irrelevant or unnecessary for this Court to determine an appropriate sentence.[3]

---

[2] "[A]llowing judges, rather than juries, to decide the facts necessary to support restitution orders isn't "well-harmonized" with this Court's Sixth Amendment decisions. *United States v. Green*, 722 F. 3d 1146, 1151 (2013). Judges in other circuits have made the same point in similar cases. See *United States v. Leahy*, 438 F. 3d 328, 343-344 (CA3 2006) (en banc) (McKee, J., concurring in part and dissenting in part); *United States v. Carruth,* 418 F. 3d 900, 905-906 (CA8 2005) (Bye, J., dissenting)." *Hester v. United States*, 139 S. Ct. 509, 510 (U.S. January 7, 2019) (Gorsuch, N. and Sotomayor, S. dissenting to denial of certiorari). *But see United States v. Williams,* 445 F.3d 1302 (11th Cir. 2006).

[3] Federal Rule of Criminal Procedure 32(d) identifies the requirements of a presentence report and provides:
    (1) Applying the Advisory Sentencing Guidelines. The presentence report must:
    (A) identify all applicable guidelines and policy statements of the Sentencing Commission;
    (B) calculate the defendant's offense level and criminal history category;
    (C) state the resulting sentencing range and kinds of sentences available;
    (D) identify any factor relevant to:
    (i) the appropriate kind of sentence, or
    (ii) the appropriate sentence within the applicable sentencing range; and
    (E) identify any basis for departing from the applicable sentencing range.
    (2) Additional Information. The presentence report must also contain the following:
    (A) the defendant's history and characteristics, including:
    (i) any prior criminal record;
    (ii) the defendant's financial condition; and
    (iii) any circumstances affecting the defendant's behavior that may be helpful in imposing sentence or in correctional treatment;
    (B) information that assesses any financial, social, psychological, and medical impact on any victim;
    (C) when appropriate, the nature and extent of nonprison programs and resources available to the defendant;

6.       In respect of a description of the offense conduct, as reflected by the Rules and Guidelines, there is no requirement that the presentence report include the particulars related to all of the evidence presented by the government. This over-inclusiveness consequences Mr. Fernandez' appellate rights by pre-determining the facts regarding which the appellate courts would be entitled to rely. It also compels the defense to incur unnecessary and significant time and expense to scour the trial record to ensure the accuracy of the contents of the report. Such consequences are not the purpose of the presentence report. The purpose of the presentence report is for an independent party to provide assistance to the Court in making sentencing determinations by investigating and identifying the facts and factors relevant to sentencing. USSG § 6A1.1. It is not an opportunity for the prosecution to ensure that its version of the facts are compelled to be admitted or litigated by the defense, with a possible unfavorable determination by the court impacting appellate rights despite the lack of relevancy and necessity for such determination.[4] Accordingly, Mr. Fernandez objects to the inclusion in the PSR of all facts unnecessary and irrelevant to the Court's determination of sentencing, as more specifically identified below.

---

(D) when the law provides for restitution, information sufficient for a restitution order;
(E) if the court orders a study under 18 U.S.C. § 3552(b), any resulting report and recommendation;
(F) a statement of whether the government seeks forfeiture under Rule 32.2 and any other law; and
(G) any other information that the court requires, including information relevant to the factors under 18 U.S.C. § 3553(a).

"At sentencing, the court . . . *may* accept any undisputed portion of the presentence report as a finding of fact [and] *must* – for any disputed portion of the presentence report or other controverted matter-rule on the dispute *or determine that a ruling is unnecessary* either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." FRCrP 32(i) (emphasis added).

Furthermore, the United States Sentencing Guidelines make clear that "[w]hen a dispute exists about any factor important to the sentencing determination, the court must ensure that the parties have adequate opportunity to present *relevant* information." USSG § 6A1.3 Commentary.

[4] Here, as acknowledged by the probation officer and the prosecutor, the facts as presented in the presentence report related to the offense conduct are not those of independent investigation but the facts as provided by the prosecution to the probation officer.

7. Paragraphs 9 through 27 are neither necessary nor relevant for the Court to determine an appropriate sentence. If the Court determines otherwise:[5]

    a. Paragraph 17 should include that on June 19, 2013, Mr. Fernandez gave written notice of his intention to resign and that prior to that time he provided oral notice of his intention to resign.

    b. Paragraph 20 should say "FAA duties" instead of "official duties" per FAA Order 8900.1.

    c. Paragraph 22 should say "Once an FAA employee" instead of "Once Fernandez" because there was no evidence specific to Mr. Fernandez.

    d. Paragraph 23 should exclude any reference to Mr. Fernandez because there was no evidence specific to him.

8. Although Mr. Fernandez acknowledges that the government generally presented evidence sufficient to satisfy the preponderance of the evidence standard applicable for sentencing regarding Paragraph 28, Mr. Fernandez reserves his right on appeal to argue that there was insufficient evidence to satisfy the beyond a reasonable doubt standard vis a vis certain of the elements of the conspiracy and bribery counts. Also, Paragraph 28 improperly:

    a. Includes hyperbole such as covertly, stolen, conceal and pilfer.

    b. Includes the time period of January 1, 2010 as the beginning of the conspiracy period subject of Count 1 without any evidentiary basis for such period.

    c. Identifies each act listed in subparagraphs 1 through 7 as a violation of official duty without any evidentiary basis.

    d. Refers in subparagraph 1 to Delta manuals without any evidentiary basis.

---

[5] Assistant United States Attorney Michael Davis has advised the defense that the government has no objection to subparagraphs a through d.

9. Although Mr. Fernandez acknowledges that the government generally presented evidence sufficient to satisfy the preponderance of the evidence standard applicable for sentencing regarding Paragraph 29, Mr. Fernandez reserves his right on appeal to argue that there was insufficient evidence to satisfy the beyond a reasonable doubt standard vis a vis certain of the elements of the conspiracy and bribery counts, except regarding the reference to Heat tickets which lacks evidentiary basis.

10. Paragraph 30 improperly suggests that the facts related to count 32, false statement, apply to the conspiracy and bribery counts. Furthermore, although Mr. Fernandez acknowledges that the government generally presented evidence sufficient to satisfy the preponderance of the evidence standard applicable for sentencing regarding Paragraph 30 as it relates to count 32, Mr. Fernandez reserves his right on appeal to argue that there was insufficient evidence to satisfy the beyond a reasonable doubt standard vis a vis certain of the elements of the false statement count.

11. Although Mr. Fernandez acknowledges that the government generally presented evidence sufficient to satisfy the preponderance of the evidence standard applicable for sentencing regarding Paragraph 31, Mr. Fernandez reserves his right on appeal to argue that there was insufficient evidence to satisfy the beyond a reasonable doubt standard vis a vis certain of the elements of the conspiracy and bribery counts, except regarding the reference to "at least" which lacks evidentiary basis.

12. Although Mr. Fernandez acknowledges that the government generally presented evidence sufficient to satisfy the preponderance of the evidence standard applicable for sentencing regarding Paragraph 32, Mr. Fernandez reserves his right on appeal to argue that there was insufficient evidence to satisfy the beyond a reasonable doubt standard vis a vis certain of the elements of the conspiracy and bribery counts.

13. Although Mr. Fernandez acknowledges that the government generally presented evidence sufficient to satisfy the preponderance of the evidence standard applicable for sentencing regarding Paragraph 33, Mr. Fernandez reserves his right on appeal to argue that there was insufficient evidence to satisfy the beyond a reasonable doubt standard vis a vis certain of the elements of the conspiracy and bribery counts.

14. Paragraph 34 improperly suggests that the facts related to count 32, false statement, apply to the conspiracy and bribery counts. Furthermore, although Mr. Fernandez acknowledges that the government generally presented evidence sufficient to satisfy the preponderance of the evidence standard applicable for sentencing regarding Paragraph 34 as it relates to count 32, Mr. Fernandez reserves his right on appeal to argue that there was insufficient evidence to satisfy the beyond a reasonable doubt standard vis a vis certain of the elements of the false statement count, except that the reference to 2010 lacks evidentiary basis.

15. Although Mr. Fernandez acknowledges that the government generally presented evidence sufficient to satisfy the preponderance of the evidence standard applicable for sentencing regarding Paragraph 35, Mr. Fernandez reserves his right on appeal to argue that there was insufficient evidence to satisfy the beyond a reasonable doubt standard relating to forgery and the improper use of doctor's note.

16. Paragraphs 37 through 102[6] are neither necessary nor relevant for the Court to determine sentencing, and are repetitive of prior paragraphs, except as follows:

   a. Mr. Fernandez acknowledges relevancy and sufficient evidentiary basis for the assertion only that the government established by a preponderance of the evidence that Mr.

---

[6] The defense has not scoured the record to ensure the accuracy of the assertions contained in these paragraphs because requiring the defense to incur the time and expense to do so would be improper. If the Court requires such analyses, the defense requests a continuance of the sentencing hearing to allow review of the thousands of pages of exhibits and the trial transcripts, which have just recently been transcribed.

Fernandez failed to report on his financial disclosures approximately $30,000 as alleged in Paragraphs 62, 96, and 114 and disputes that the government established by a preponderance of the evidence that Mr. Fernandez and his mother collectively had net cash deposits from Avcom of $44,052 and the computation to arrive at $30,802.40 in failures to disclosure as alleged in those paragraphs.

   b. Mr. Fernandez acknowledges relevancy and sufficient evidentiary basis for the assertions contained in Paragraph 86.

   c. Mr. Fernandez acknowledges relevancy and sufficient evidentiary basis for the assertion only that the government established by a preponderance of the evidence that Mr. Fernandez received approximately $50,000 in compensation for violating his official duties asserted in Paragraphs 93, 96 and 108 and disputes that the government established by a preponderance of the evidence that he received $179,343 from Avcom as alleged in those paragraphs and the computation to arrive at $53,802.95 in bribes.

   d. Mr. Fernandez acknowledges that the government established beyond a reasonable doubt the assertions contained in Paragraph 94.

   e. In respect of the discussion of Mr. Fernandez' employment and financial affairs at Paragraphs 146 to 188, Mr. Fernandez' circumstances have changed as a result of the verdict and since meeting with the Probation Officer, plus certain assertions are not completely correct. The defense is currently obtaining all necessary documentation related to these matters which will be provided to the Probation Officer, and a supplement to this objection will be filed if necessary.

   17. Paragraph 176 improperly references 2007 as the date Mr. Fernandez began employment at Avcom – there was no evidence to support that assertion.

18. Paragraph 208 fails to identify any regulatory agency and therefore Mr. Fernandez is unable to accept or object to the assertions contained therein.

WHEREFORE, Mr. Fernandez respectfully objects to the PSR as delineated above.

Dated this 2nd day of October, 2019.

*s/ Ronald Gainor*
Ronald Gainor, Esq.
Florida Bar No. 0606960
GAINOR & DONNER
3250 Mary Street Suite 405
Miami, Florida 33133
O: 305-537-2000
C: 303-359-1314
F: 305-537-2001
Email: Gainorlaw@gmail.com
***Counsel for Defendant Manuel R. Fernandez***

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of October 2019, I electronically filed the foregoing Objection with the Clerk of Court using the CM/ECF system which will automatically send notification of such filing to all interested parties.

*s/ Ronald Gainor*