THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cr-20780-COOKE

**UNITED STATES OF AMERICA,**

        Plaintiff,

v.

**MANUEL R. FERNANDEZ,**

        Defendant.

---

**RESPONSE TO GOVERNMENT'S MOTION FOR
JUDGMENT OF FORFEITURE**

---

Defendant Manuel Fernandez responds to the Government's Motion for Forfeiture, D.E. 225 as follows:

1. Vis á vis the Bribery offenses, Mr. Fernandez objects to the extent that the Government seeks a judgment in excess of the monies the Government presented proof by a preponderance of the evidence were paid to Mr. Fernandez in cash, the monies Mr. Fernandez was paid in check by Avcom prior to his official resignation from the FAA, and the monies Ms. Fores was paid by in check by Avcom.

2. In other words, Mr. Fernandez acknowledges that the Government has established entitlement to a money judgment for the Bribery offenses in the amount of approximately $80,702.71, having established by a preponderance of evidence that Mr. Fernandez received approximately $53,802.95 in bribes as asserted in Paragraphs 93, 96 and 108 of the Final Presentence Report, Mr. Fernandez having received $12,030 as asserted in the Government's Motion for Judgment of Forfeiture, D.E. 225. as compensation for working for Avcom while he was still officially employed by the FAA, and Ms. Fores having received $14,869.76 in

1

compensation from Avcom as asserted in the Paragraphs 64 and 91 of the PSR and the Motion for Judgment of Forfeiture.

3. However, the Government is not entitled to a money judgment in excess of the foregoing amounts because the Government's theory that the source of cash deposits into "accounts controlled by" Ms. Fores and by Mr. Fernandez (in excess of $53,802.95) was Avcom or the Suarez' is lacking in evidentiary support and is non-sensical. The amount of the cash deposited into these accounts significantly exceeds Rolando Suarez' testimony regarding the total cash payments made to Mr. Fernandez. More specifically Rolando Suarez testified that "probably a significant number" of the petty cash checks subject of Government Exhibit 48 were paid to Mr. Fernandez, Exhibit A, 5/28/2019 Testimony of Rolando Suarez, p. 145, but that he couldn't remember looking at each check whether such check was paid to Mr. Fernandez. *Id.* The petty cash checks (minus those issued after Mr. Fernandez was no longer employed by the FAA) totaled $59,874. Rolando Suarez also testified regarding a series of cashed paychecks that are subject of Government Exhibit 209 that one of the purposes for which he was cashing such checks were "probably to go to my ex-business partner to Manny's activities." Exhibit B, 5/30/19 Testimony of Rolando Suarez, p. 32. The cashed paychecks (minus one that was deposited) total $18,738.55. Accordingly, the Government never established a specific dollar amount of cash paid to Mr. Fernandez. Assuming "probably" some of the total of Exhibits 48 and 209 were paid to Mr. Fernandez, such amount ($78,612.55) is a far cry from the total cash the deposited into Mr. Fernandez and his family's bank accounts of $152,752 for which the Government seeks to hold Mr. Fernandez accountable.

4. Not only are the Government's arguments here regarding the total cash paid to Mr. Fernandez by the Suarez' in contradiction to Rolando Suarez' testimony at trial but such arguments

are inconsistent with discovery provided in this case and with Rolando Suarez' plea agreement in his criminal case and other papers filed in that case. For example, in a Report of Investigation dated February 11, 2016 provided to the defense in discovery, a special agent to the Federal Bureau of Investigation reported that Rolando Suarez stated to him that the *total* cash paid to Mr. Fernandez was "approximately $80,000 to $100,000 in cash." Rolando Suarez' plea agreement (to which the Government of course was a party) provided that *total* payments (including cash and other consideration) to Mr. Fernandez "involved more than $40,000 but less than $95,000." Rolando Suarez Plea Agreement, D.E. 18, U.S. v. Suarez, Case No. 16-cr-20627, pp. 2-3. See also Rolando Suarez Motion for Variance, D.E. 34, 18, U.S. v. Suarez, Case No. 16-cr-20627, p. 2 ("Value of Payments $40,000-$90,000").

5. Thus, the Government's depiction of the cash deposit activity in Mr. Fernandez and his family's bank accounts has no correlation or relevance to the amounts Rolando Suarez testified were paid to Mr. Fernandez. Furthermore, the charts referred to in the appendix to the Motion for Judgment of Forfeiture similarly do not establish, nor did the Government present evidence to establish, that the source of the cash deposited into the accounts depicted in the charts were otherwise proceeds of the illegal activity for which Mr. Fernandez was convicted. To the contrary, the unrebutted testimony of expert Martin Williams was that there was no forensically sound bases for the notion that cash from Avcom or the Suarez' was deposited into any of the accounts controlled by Mr. Fernandez or his family. See, e.g. Exhibit C, 6/7/19 Testimony of Martin Williams, pp. 121, 133, 138.

6. Mr. Fernandez acknowledges per Paragraph 64, 91 of the PSR and the Motion for Judgment of Forfeiture that the Government established by a preponderance of the evidence that Ms. Fores received $14,896.76 in checks and bank transfers from Avcom for the period January

14, 2013 through May 31, 2013. Mr. Fernandez acknowledges per Paragraph 92 of the PSR that the Government established by a preponderance of the evidence that he received $12,030 in checks from Avcom for the period June 7, 2013 through June 28, 2013.

7. Vis á vis the Wire Fraud offenses, Mr. Fernandez acknowledges per Paragraph 86 of the PSR and the Motion for Judgment of Forfeiture that the Government has established by a preponderance of the evidence an entitlement to a money judgment of $4,052.

8. Accordingly, Mr. Fernandez does not object to a total forfeiture judgment amount of $84,754.71.

WHEREFORE, Mr. Fernandez respectfully responds to the Motion for Judgment of Forfeiture as delineated above.

Dated this 2nd day of December 2019.

> *s/ Amber Donner*
> Amber Donner, Esq.
> Florida Bar No. 600032
> GAINOR & DONNER
> 3250 Mary Street Suite 405
> Miami, Florida 33133
> O: 305-537-2000
> C: 303-359-1314
> F: 305-537-2001
> Email: amber_donner@hotmail.com
> ***Counsel for Defendant Manuel R. Fernandez***

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of December 2019, I electronically filed the foregoing Response with the Clerk of Court using the CM/ECF system which will automatically send notification of such filing to all interested parties.

> *s/ Amber Donner*