THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cr-20780-COOKE

**UNITED STATES OF AMERICA,**

        Plaintiff,

v.

**MANUEL R. FERNANDEZ,**

        Defendant.

---

**MANUEL FERNANDEZ' STATEMENT OF ISSUES
FOR RESOLUTION BY THE COURT AT SENTENCING**

---

Given the volume of pleadings and the resolution of certain issues with the Government related to sentencing, the Defendant Manuel Fernandez hereby offers a summary of the suggested issues for this Court to resolve:

1. The Defense and the Government agree that for purposes of sentencing and unless specifically objected to by Mr. Fernandez in a sentencing-related filing, the Government has proved by a preponderance of the evidence the facts asserted in the offense conduct section of the PSR. Mr. Fernandez' Second Supplement to Objections to Presentence Investigation Report outlines the agreements and the disputes regarding the offense conduct.

2. <u>Variance from the Sentencing Guidelines</u> – Discussed in the Final Presentence Investigation Report and Addendum, D.E. 228 and 228-1, Mr. Fernandez' Motion for Variance from the Sentencing Guidelines, D.E. 219 and the Government's Sentencing Memorandum, D.E. 226.

    a. The Defense seeks a variant sentence to 24 to 30 months' incarceration.

1

      b.      The Probation Officer calculates the Guidelines including the obstruction of justice and role enhancement of 63 to 78 months' incarceration, plus as to Counts 35 and 36, a consecutive minimum mandatory term of 24 months and suggests a variance as a result of a disparity with Rolando Suarez' sentence which did not include a role enhancement.

      c.      The Government seeks a sentence within the Guidelines including the obstruction of justice and role enhancement which range is 63 to 78 months, plus as to Counts 35 and 36, a consecutive minimum mandatory term of 24 months.

3.    <u>Governments' Motion for Judgment of Forfeiture</u> - Discussed in the Government's Motion for Judgment of Forfeiture, D.E. 225 and Mr. Fernandez' Response to Motion for Judgment of Forfeiture filed simultaneously herewith.

      a.      The Government asserts that it is entitled to a judgment against Mr. Fernandez in the amount of $179,678.76 as proceeds of the bribery offenses and $4,052 as proceeds of the wire fraud offenses.

      b.      The Defense acknowledges that the Government has established by a preponderance of the evidence entitlement to a judgment in the amount of $80,702.71 as proceeds of the bribery offenses and $4,052 as proceeds of the wire fraud offenses.

4.    <u>Guideline Enhancement / Obstruction</u> – Discussed in the Final Presentence Investigation Report and Addendum, D.E. 228 and 228-1, Mr. Fernandez' Objections to the Presentence Investigation Report, D.E. 213, the Government's Response to Defendant's Objections to Presentence Investigation Report, D.E. 222, Mr. Fernandez' Motion for Variance from the Sentencing Guidelines, D.E. 219, the Government's Sentencing Memorandum, D.E. 226, Mr. Fernandez' Second Supplement to Objections to Presentence Investigation Report filed

simultaneously here with and Mr. Fernandez' Response to Motion for Judgment of Forfeiture filed simultaneously herewith.

      a.    Probation Office and Government assert that the testimony of Mr. Fernandez' family was perjured and therefore and obstruction of justice enhancement is sought. The Government relies on patterns of banking activity reflected in various charts introduced into evidence and its assertions regarding lack of credibility of Mr. Fernandez' family members.

      b.    Mr. Fernandez denies that the testimony was perjured and asserts that an obstruction of justice enhancement is otherwise improper. Mr. Fernandez further asserts that the inferences from the Government's charts are inconsistent with the Government's "star" witness Rolando Suarez and that its credibility attacks on the family members are unsupported.

    5. <u>Guideline Enhancement / Role</u> – Discussed in the Final Presentence Investigation Report and Addendum, D.E. 228 and 228-1, Mr. Fernandez' Objections to the Presentence Investigation Report, D.E. 213, the Government's Response to Defendant's Objections to Presentence Investigation Report, D.E. 222, Mr. Fernandez' Motion for Variance from the Sentencing Guidelines, D.E. 219. the Government's Sentencing Memorandum, D.E. 226 and Mr. Fernandez' Second Supplement to Objection to Presentence Investigation Report filed simultaneously herewith.

      a.    Probation Office and Government assert that Mr. Fernandez is responsible for a role adjustment because Mr. Fernandez recruited his mother to participate in the offense, but the Probation Office asserts that a sentencing disparity may result if a role enhancement is imposed.

      b.    Defense asserts that the evidence at trial was contrary such that Rolando Suarez testified that he and Patty Suarez decided to put Juana Fores on the Avcom payroll.

6. <u>Mr. Fernandez' Motion for Release Pending Appeal</u> – Discussed in Mr. Fernandez' Motion for Release Pending Appeal filed simultaneously herewith.

Dated this 2nd day of December 2019.

> *s/ Amber Donner*
> Amber Donner, Esq.
> Florida Bar No. 600032
> GAINOR & DONNER
> 3250 Mary Street Suite 405
> Miami, Florida 33133
> O: 305-537-2000
> C: 303-359-1314
> F: 305-537-2001
> Email: amber_donner@hotmail.com
> ***Counsel for Defendant Manuel R. Fernandez***

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of December 2019, I electronically filed the foregoing Objection with the Clerk of Court using the CM/ECF system which will automatically send notification of such filing to all interested parties.

> *s/ Amber Donner*

4