THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cr-20780-COOKE

**UNITED STATES OF AMERICA,**

       Plaintiff,

v.

**MANUEL R. FERNANDEZ,**

       Defendant.

## MOTION FOR RELEASE PENDING APPEAL

Pursuant to 18 U.S.C. § 3143(b), Defendant Manuel Fernandez moves for release pending appeal as follows:

### BACKGROUND

Pursuant to the Indictment (D.E. 3), Mr. Fernandez was charged with one count of Conspiracy, 18 U.S.C. § 371 (Count 1); fifteen counts of Bribery, 18 U.S.C. § 201(b)(2)(C) (Counts 17-31); one count of False Statement, 18 U.S.C. § 1001(a)(2) (Count 32); two counts of Wire Fraud, 18 U.S.C. § 1343 (Counts 33 and 34); and two counts of Aggravated Identity Theft, 18 U.S.C. § 1028A(a)(1) (Counts 35 and 36).

The Jury rendered a Verdict (D.E. 160) of guilty on all Counts.

### LEGAL STANDARD

18 U.S.C. § 3143(b) authorizes release after sentencing and pending appeal upon the Court's determination of the following:

- The defendant "is not likely to flee;"

- The defendant "is not likely to...pose a danger to the safety of any person or community if released;"

- The appeal is not taken for purposes of delay; and

- The appeal "raises a substantial question of law or fact likely to result in reversal [or] an order for a new trial."

18 U.S.C. § 3143(b)(A), (B); *accord* Fed. R. Crim. P. 46(c); *see also* Fed. R. App. P. 9(c).

### Mr. Fernandez is Not Likely to Flee and is Not a Danger to the Safety of Any Person or Community

Mr. Fernandez' has timely attended all pretrial, trial and post-conviction proceedings. As acknowledged by United States Probation Officer Jimmy Navarro, Mr. Fernandez has otherwise complied with all of the conditions of his present bond. Presentence Investigation Report, D.E. 228, Par. 5. There has never been an allegation of harm by Mr. Fernandez to any person or the community and the offenses regarding which Mr. Fernandez was convicted did not affect the safety of any person or the community.[1] He is respectful of the jury verdict and is confident of this Court's determination of a fair and just sentence.

### An Appeal is not for the Purpose of Delay, and Will Raise Substantial Questions of Law and Fact Likely to Result in a Reversal or New Trial

When an appeal raises a substantial question of law or fact, it necessarily follows that it is not being taken for the purposes of delay. *See* 3A Charles Ann Wright et al. Federal Practice and Procedure § 767 (1982) ("it is difficult to conceive of a non-frivolous appeal that could be...characterized" as taken for purposes of delay"). Furthermore, the requirement that the appeal

---

[1] The Government asserts that Mr. Fernandez affected public safety by eroding public confidence, giving Avcom advance notice of inspections, and by creating a "potentially serious safety risk" by misappropriating technical data. Government's Sentencing Memorandum, D.E. 226 at pp. 4-5, However, the evidence at trial established that public safety was furthered by Avcom's receipt of up to date Operating Equipment Manuals that Honeywell was restricting. Exhibit A, 6/3/2019 Testimony of Robert Hernandez, pp. 117 and 120; 5/30/2019 Testimony of Rolando Suarez, pp. 168 - 169. Unrebutted was that Avcom maintained one of the best Operating Equipment Manual libraries. Exhibit B, 5/23/2019 Testimony of Donald Schoonover, pp. 113-114.

raise a substantial question of law or fact likely to result in reversal or an order for a new trial does *not* mean that a court may grant bail only if it finds that its own rulings are likely to be reversed on appeal. *United States v. Giancola*, 754 F.2d 898, 900 (11th Cir. Fla. February 15, 1985). "A 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way. Further, there are no blanket categories for what questions do or do not constitute 'substantial' ones. Whether a question is 'substantial' must be determined on a case-by-case basis." *Id.* at 901.

Without limiting the appeal to the issues described herein, the appeal will raise substantial questions as defined by the Eleventh Circuit including those as follows:

- Bribery and False Statement Counts

The Government improperly argued in closing argument that each asserted violation of civil rules and regulations was a violation of Mr. Fernandez' official duty (and continues to make such improper argument in connection with sentencing). But such argument lacks legal basis. There was and is no factual or legal support for the Government's assertion that every obligation articulated in civil rules governing Mr. Fernandez' behavior was within his official duties. To the contrary, courts including the Supreme Court and the Eleventh Circuit have limited the meaning of official duty as it relates to bribery offenses. *McDonnell v. United States*, 136 S. Ct. 2355 (2016) (District court erred when it adopted a broad interpretation of the term "official action" in 18 U.S.C.S. § 201(a)(3) when instructing the jury.); *United States v. Patel*, 400 F. App'x 426, 437 (11th Cir. 2010) ("[O]ther subsections of § 201 expressly refer to an 'official act,' but § 201(b)(2)(B) does not. See 18 U.S.C. § 201(b)(1)(A) (prohibiting paying an official 'with intent . . . to influence any official act'), (b)(2)(A) (prohibiting an official from accepting payment in return for 'the performance of any official act'), and (b)(1)(C) and (b)(2)(C) (prohibiting giving and

receiving, respectively, a thing of value to induce acts in violation of the 'lawful' or 'official' duty of a public official . . ..").

The consequence of this argument was to contravene the clear rule of law that one cannot be convicted of the violation of a civil regulation. As provided in the jury instructions read by this Court, violation of a civil regulation is not a crime and is relevant only to whether Mr. Fernandez acted with criminal intent. D.E. 161, p. 11. This instruction did not "cure" the impropriety of the Government's arguments, however, because the argument was carefully crafted as "official duty" and not as "civil regulation," even though the effect of such argument was the same.

Significantly, this Court rejected the defense request for a jury instruction defining official duty and there was no evidence in the record regarding what constituted Mr. Fernandez' official duty, further exacerbating the impropriety of the Government's argument.

Because the Government conflated every alleged violation of applicable civil regulations into a crime and otherwise improperly argued the scope of Mr. Fernandez' official duty, reversal of the Bribery and False Statement Convictions is likely to occur. See, e.g., *United States v. Jakeway*, 783 F. Supp. 590, 596 (M.D. Fla. 1992) (District Court granted motion for new trial when government's case repeatedly conflated violations of ethical rules and regulations with acts proscribed by criminal law.); *United States v. Christo*, 614 F.2d 486, 492 (5th Cir. 1980) (Fifth Circuit reversed conviction because the government improperly relied upon the violation of a civil regulation, stating "A conviction, resulting from the government's attempt to bootstrap a series of checking account overdrafts, a civil regulatory violation, into an equal amount of misapplication felonies, cannot be allowed to stand.").

Another likely basis for reversal is the insufficiency of the evidence to establish that Mr. Fernandez received consideration in return for the benefits provided to Avcom and the Suarez's.

Other than the incredible testimony of Rolando Suarez, the Governments evidence was based solely on supposed bank deposit patterns reflected in summaries prepared by a summary witness, versus the defense witnesses - an expert in accounting and banking, plus the testimony of numerous family members that testified to the legitimacy of the banking activity and regarding whom the expert relied upon. See Second Supplement to Objection to the Presentence Report and Response to Motion for Judgment of Forfeiture filed simultaneously herewith and incorporated herein by reference.

- Identity Fraud counts

There was insufficient evidence to establish beyond a reasonable doubt that the doctor's note was forged, and even if it was, that Mr. Fernandez knew that the doctor's note was forged, or he was otherwise without authority to use it. See Motion and Reply for Judgment Notwithstanding the Verdict and New Trial, D.E. 165 and 189, incorporated herein by reference.

## CONCLUSION

For the foregoing reasons, the Court should order Mr. Fernandez' continued release pending the outcome of his appeal on the same or substantially similar present release conditions.

WHEREFORE, Mr. Fernandez respectfully moves for release pending appeal.

Dated this 2nd day of December 2019.

*s/ Amber Donner*
Amber Donner, Esq.
Florida Bar No. 600032
GAINOR & DONNER
3250 Mary Street Suite 405
Miami, Florida 33133
O: 305-537-2000
C: 303-359-1314
F: 305-537-2001
Email: amber_donner@hotmail.com
***Counsel for Defendant Manuel R. Fernandez***

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of December 2019, I electronically filed the foregoing Motion with the Clerk of Court using the CM/ECF system which will automatically send notification of such filing to all interested parties.

*s/ Amber Donner*